United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 20, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50194
Summary Calendar

JUDY DABNEY; MELVIN DABNEY,
on behalf of all surviving heirs,

                              Plaintiffs-Appellants,

versus

CITY OF MEXIA; POLICE DEPARTMENT OF MEXIA, TEXAS;
UNKNOWN POLICE OFFICERS; ROGER BROOKS,
Chief of Police, Mexia, Texas,

                              Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CV-40
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Judy and Melvin Dabney (the "Plaintiffs") appeal the

district court's summary judgment dismissal of their civil

complaint for damages against the City of Mexia (the "City") and

Chief of Police Roger Brooks ("Chief Brooke").[**]  The Plaintiffs

assert that they produced summary judgment evidence sufficient to

establish a genuine issue of material fact concerning municipal

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [**]  The correct spelling is Roger Brooke.

liability, i.e., evidence of a municipal policy or custom that was causally linked to the alleged violation of Lynn Dabney's constitutional rights.

We review a grant of summary judgment de novo; we consider the evidence and inferences to be drawn therefrom in the light most favorable to the nonmovant. See Olabisiomotosho v. Houston, 185 F.3d 521, 525 (5th Cir. 1999). Summary judgment is proper if the pleadings and discovery "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). "In response to a properly supported motion for summary judgment, the nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." Johnson v. Deep East Texas Regional Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004). The nonmovant cannot meet his burden with conclusional allegations, unsubstantiated assertions, or a scintilla of evidence. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The Plaintiffs assert that they raised a genuine issue of material fact concerning the City's failure to train its police officers on the use of force and police brutality. In support of this assertion, the Plaintiffs presented in their motion for new trial, Officer Boyd's testimony that the City did not train him regarding the use of force.

The Plaintiffs' evidence did not establish that Chief Brooke failed to train the officers whose conduct allegedly violated Lynn Dabney's constitutional rights. Thompson v. Upshur County 245 F.3d 447, 459 (5th Cir. 2001). The evidence did not establish that the alleged failure to train Officer Boyd was causally connected with the violation of Lynn Dabney's rights. See id.

The Plaintiffs assert that they produced evidence of a practice of widespread harassment and use of excessive force by the City's police officers. Charlie Hays, a Mexia citizen, testified that Officer Whisler, who is his uncle, threatened and harassed him and Lynn Dabney. Hays testified that on one occasion, an unidentified Mexia police officer, without provocation, punched him and injured his face.

Hays' testimony did not establish a "pattern of similar incidents in which citizens were injured or endangered by intentional or negligent police misconduct and/or that serious incompetence or misbehavior was general or widespread throughout the police force." See Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992). Hays' testimony did not establish that a governing body or policy-maker of the City had actual or constructive knowledge of any such "practice" of police misconduct. See Piotrowski v. City of Houston, 237 F.3d 567, 579 (5th Cir. 2001).

The Plaintiffs assert that Chief Brooke, a policy-maker, delegated his authority to Officer Whisler, thereby making Whisler a policy-maker. The Plaintiffs contend that Whisler's actions were a direct cause of the violation of Lynn Dabney's constitutional rights, and because Whisler is a policy-maker, the City is liable for Whisler's actions.

The Plaintiffs' evidence did not establish that Chief Brooke delegated policy-making authority to Officer Whisler. Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984) (en banc). Absent evidence that Whisler was a policy-maker, the City was not liable for Whisler's conduct. See Bass v. Parkwood Hosp., 180 F.3d 234, 244 (5th Cir. 1999). The Plaintiffs did not produce evidence sufficient to establish a genuine issue of material fact concerning municipal liability for Lynn Dabney's injuries and death. See Johnson, 379 F.3d at 301.

Because the Plaintiffs have not challenged the district court's finding that they did not name individual officers as defendants or the district court's dismissal of their claims against the Mexia Police Department, they have abandoned any appeal of these issues. See Evans v. City of Marlin, Texas, 986 F.2d 104, 106 n.1 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The Plaintiffs have not shown that the district court's denial of their motion for new trial was an abuse of discretion. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1052 (5th Cir. 1996).

The Plaintiffs have not shown that the district court's denial of their motion for a continuance to conduct additional discovery was an abuse of discretion.  See Canady v. Bossier Parish Sch. Bd., 240 F.3d 437, 445 (5th Cir. 2001); Chevron U.S.A., Inc. v. Traillour Oil Co., 987 F.2d 1138, 1155 (5th Cir. 1993) (we will not disturb the district court's decision on a motion for a continuance absent an abuse of discretion and will affirm the denial of a continuance on a summary judgment motion "unless it is arbitrary or clearly unreasonable.").

Accordingly, the judgment of the district court is AFFIRMED.